JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Grant Folkert

**(b)** County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Suzanne Tighe, Esquire 1835 Market Street, Ste. 2700, Phila. PA 19103

### DEFENDANTS
Frito-Lay, Inc.

County of Residence of First Listed Defendant: **Collin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Randy C. Greene, 1880 JFK Bvd., Ste. 1400. Phila. PA 19103 (215) 563-3500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. C Section 144 1 and Section 1446

Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/3/2020
SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Grant Folkert | : | CIVIL ACTION |
| v. | : | |
| Frito-Lay, Inc, | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( x )

| 11/2/2020 | Randy C. Greene, Esquire | *Randy C. Greene* |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Defendant, Frito-Lay |
| 215-563-3500 | 215-563-5610 | rcgreene@dbmplaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case   ☐ is  /  ☐ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____*Randy C. Greene*_____   _____
                                                                         Attorney-at-Law / Pro Se Plaintiff                 Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Patent
☐  6.  Labor-Management Relations
☐  7.  Civil Rights
☐  8.  Habeas Corpus
☐  9.  Securities Act(s) Cases
☐  10. Social Security Review Cases
☐  11. All other Federal Question Cases
       *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*
☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Products Liability
☐  8.  Products Liability – Asbestos
☐  9.  All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: _____   _____*Randy C. Greene*_____   _____
                                                                         Attorney-at-Law / Pro Se Plaintiff                 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**In the UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **Grant Folkert** : | | |
| **Plaintiff** : | | |
| : | | |
| **v.** : | **CIVIL ACTION** | |
| : | | |
| **Frito-Lay, Inc..** : | **NO. 20-CV-** | |
| : | | |
| **Defendant** : | | |

_____

**DEFENDANTS' NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court
for the Eastern District of Pennsylvania

  Defendant, Frito-Lay, Inc., (hereinafter "Frito-Lay"), files this Notice of Removal of this action from the Court of Common Pleas of Philadelphia County Pennsylvania in which it is now pending to the United States District Court for the Eastern District of Pennsylvania, and in support thereof states:

1.  Petitioners exercise their rights under 28 U.S.C. §1441 to remove this action from the Philadelphia County Court of Common Pleas in which it is now pending.

2.  This action is docketed in Court of Common Pleas of Philadelphia County at Docket Number 200901775.

3.  The Complaint was served upon removing defendant Frito-Lay on October 5, 2020.

4.  This is an action in which the District Courts of the United States have original jurisdiction, in particular, jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §

1332.

5. The plaintiff and defendant are completely diverse.

6. Plaintiff is an individual residing at 18 Mystery Rose Lane, West Grove, PA 19310-8812.

7. Defendant Frito-Lay, Inc. is a Delaware corporation with a principal place of business at 5600 Headquarters Drive, Plano, TX 75024-4099 and is a citizen of a foreign state.

8. Based upon the allegations of the complaint, the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

9. A copy of the complaint received by defendant is attached and incorporated.

10. This notice is timely as it is being filed within thirty days of service of any pleading or other document identifying removable claims.

11. Pursuant to 28 U.S.C. § 1446, a copy of this Notice is being filed with the Court of Common Pleas of Philadelphia County, Pennsylvania.

Wherefore, notice is hereby given that this action is removed to the United States District Court for the Eastern District of Pennsylvania.

DUGAN, BRINKMANN, MAGINNIS AND PACE

*s/Randy C. Greene*
Randy C. Greene, Esquire
Attorney for Defendant, Frito-Lay, Inc.
1880 John F. Kennedy Boulevard, 14th Fl.
Philadelphia, PA 19103
215-563-3500
Fax – 215-563-5610
Email: rcgreene@dbmplaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that service of a true and correct copy of the within Notice of Removal was made on the 3rd day of November, to the below listed counsel by United States Mail, postage prepaid.

Suzanne Tighe, Esquire
Haggerty Goldberg Schleifer & Kupersmith
1835 Market Street, Ste. 2700
Philadelphia PA 19103

DUGAN, BRINKMANN, MAGINNIS AND PACE

 *s/Randy C. Greene*
Randy C. Greene, Esquire

| | |
|---|---|
| GRANT FOLKERT<br>18 Mystery Rose Lane<br>West Grove, PA   19390-8812<br><br>        vs.<br><br>FRITO-LAY, INC.<br>5600 Headquarters Drive<br>Plano, TX   75024-4099 | :<br>:<br>:<br>:<br>:<br>: NO.<br>:<br>:<br>:<br>: |

## NOTICE TO PLEAD

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.   Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.   Usted puede perder diner or sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.   IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL AND INFORMATION SERVICE<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA<br>SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>Teléfono: 215-238-1701 |

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
BY: James C. Haggerty, Esquire; Suzanne Tighe, Esquire
I.D. # 30003; 80179
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600
(215) 665-8201 - FAX                         Attorney for Plaintiff, Grant Folkert

---

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

GRANT FOLKERT                              :
18 Mystery Rose Lane                       :
West Grove, PA  19390-8812                 :
                                           :
           vs.                             : NO.
                                           :
FRITO-LAY, INC.                            :
5600 Headquarters Drive                    :
Plano, TX  75024-4099                      :

## CIVIL ACTION – COMPLAINT

### Parties

1. The plaintiff, Grant Folkert, is an adult individual, resident and citizen of the Commonwealth of Pennsylvania residing at 18 Mystery Rose Lane, West Grove, Pennsylvania 19390.

2. The defendant, Frito-Lay, Inc., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 5600 Headquarters Drive, Plano, Texas 75024, being duly authorized to and conducting business in the Commonwealth of Pennsylvania.

3. The defendant, Frito-Lay, Inc., regularly and routinely conducts business in the City and County of Philadelphia.

1

4. At all times material hereto, the defendant, Frito-Lay, engaged in the manufacture and sale of various food products, including bags of potato chips.

5. The defendant, Frito-Lay, must use a high degree of care to see that the food, including bags of potato chips, is free from foreign or deleterious substances.

### Incident

6. On August 12, 2019, the plaintiff, Grant Folkert, was working at his summer job at Giant Foods where the incident in question occurred.

7. During a break, the plaintiff, Grant Folkert, purchased from the store a small bag of Frito-Lay potato chips to eat.

8. After purchasing the small bag of Frito-Lay potato chips, Grant Folkert returned to the break room where he began to eat the potato chips.

9. While eating the Frito-Lay potato chips, the plaintiff, Grant Folkert, bit into a hard, foreign object which had been in the bag.

10. As a result of biting into the hard foreign object, Grant Folkert fractured his tooth, experienced immediate pain, and in his panic swallowed the hard, foreign object.

11. The hard, foreign object had apparently been in the bag of potato chips since the time of its packaging by the defendant, Frito-Lay, Inc.

12. The plaintiff, Grant Folkert, is entitled to full and complete compensation for the injuries sustained as a result of the actions of the defendant, Frito-Lay, Inc., in allowing the hard, foreign object to be in its potato chip bag at the time of sale to the public.

## COUNT I
### (Negligence)

13. The defendant, Grant Folkert, hereby incorporates by reference the foregoing Paragraphs 1 through 12 of this Complaint as though same were fully set forth herein.

14. The defendant, Frito-Lay, Inc., was negligent and careless in the production and packaging of its potato chips, thereby allowing a hard, foreign object to be in the bag for sale to the public.

15. The negligence and carelessness of the defendant, Frito-Lay, Inc., consisted of, but was not limited to:

(a) failing to maintain proper care under the circumstances;

(b) failing to employ appropriate precautions in order to prevent objects such as the hard, foreign object causing injury to the plaintiff, Grant Folkert, to be in potato chip bags for sale to the public;

(c) failing to use reasonable care in the production and packaging of its potato chips;

(d) failing to exercise due care in order to confirm that hard, foreign objects do not get placed into potato chip bags for sale to the public;

(e) failing to reasonably inspect potato chip bags prior to sale to the public;

(f) failing to utilize proper safety precautions to prohibit foreign objects from being in potato chip bags for sale to the public

(g) Failing to develop, implement, and enforce a HACCP system and/or a cGMP to detect and remove foreign objects, in food products manufactured, sold and distributed to the public;

(h) Allowing the hard, foreign object to exist in a food product, namely the bag of potato chips, manufactured, sold and distributed to the public;

(i) Making, selling, distributing, and providing food products, including the bag of potato chips, that were unfit for human consumption;

(j) Making, selling, distributing, and providing food products, including the bag of potato chips, that were unsafe for its intended use and purpose;

3

(k) Making, selling, distributing, and providing food products, including the bag of potato chips, that were not free from foreign objects; and

(l) Failing to discover the foreign objects, in the food product prior to selling, distributing, and providing the product for sale to the public.

16. The negligence and carelessness of the defendant, Frito-Lay, Inc., was the cause of the injuries sustained by the plaintiff, Grant Folkert.

17. The plaintiff, Grant Folkert, sustained, *inter alia*, the following injuries as a result of the negligence and carelessness of the defendant, Frito-Lay, Inc.:

(a) fracture of tooth No. 18 in his mouth;

(b) extraction of tooth No. 18 under local anesthesia;

(c) surgical implantation of a metal base into the jaw bone for the implantation of an artificial tooth;

(d) subsequent dry socket at the extraction site of tooth No. 18;

(e) pain, suffering, inconvenience and ongoing discomfort;

(f) implantation of an artificial tooth upon the metal base in the jaw bone;

(g) shock to his nerves and nervous system;

(h) need for ongoing dental treatment and care.

18. The plaintiff, Grant Folkert, has suffered and continues to suffer pain as a result of the injuries sustained.

19. The plaintiff, Grant Folkert, has undergone and will continue to undergo medical treatment as a result of the injuries sustained.

20. The plaintiff, Grant Folkert, is entitled to fair compensation for the injuries and damages caused by the actions, and the failure to act, of the defendant, Frito-Lay, Inc.

4

WHEREFORE, the plaintiff, Grant Folkert, demands judgment against the defendant, Frito-Lay, Inc., in an amount not in excess of $50,000.00.

## COUNT II
## (Breach of Warranty)

21. The defendant, Grant Folkert, hereby incorporates by reference the foregoing Paragraphs 1 through 20 of this Complaint as though same were fully set forth herein.

22. The bag of potato chips sold to the plaintiff, Grant Folkert, contained a hard, foreign object, on which plaintiff, Grant Folkert bit down, causing extensive damage to his dental work and mouth.

23. The defendant, Frito-Lay, manufactured and sold the bag of potato chips with the intent that plaintiff, Grant Folkert, immediately would consume them and which defendant, Frito, Lay, warranted as merchantable, pure, fit and wholesome for that purpose.

24. The plaintiff, Grant Folkert, relied upon said warranties and defendant's skill and judgment as to the quality of said potato chips in consuming same.

25. The bag of potato chips was not merchantable, pure, wholesome and fit for immediate human consumption as warranted, but contained a hard, foreign object, and was unmerchantable, unsuitable and unfit for immediate human consumption.

26. The bag of potato chips was not fit for use as food but was unwholesome and dangerous and contained within it a dangerous, injurious and deleterious substance which plaintiff, Grant Folkert, consumed, causing injury to his teeth, mouth, and dental work.

27. As a direct result of the aforesaid breach of warranty, plaintiff, Grant Folkert, sustained, *inter alia*, the following injuries:

    (a)    fracture of tooth No. 18 in his mouth;

    (b)    extraction of tooth No. 18 under general anesthesia;

5

(c) surgical implantation of a metal base into the jaw bone for the implantation of an artificial tooth;

(d) subsequent dry socket infection at the extraction site of tooth No. 18;

(e) pain, suffering, inconvenience and ongoing discomfort;

(f) implantation of an artificial tooth upon the metal base in the jaw bone;

(g) shock to his nerves and nervous system;

(h) need for ongoing dental treatment and care.

28. The plaintiff, Grant Folkert, has suffered and continues to suffer pain as a result of the injuries sustained.

29. The plaintiff, Grant Folkert, has undergone and will continue to undergo medical treatment as a result of the injuries sustained.

30. The plaintiff, Grant Folkert, is entitled to fair compensation for the injuries and damages caused by the actions, and the failure to act, of the defendant, Frito-Lay, Inc.

WHEREFORE, the plaintiff, Grant Folkert, demands judgment against the defendant, Frito-Lay, Inc., in an amount not in excess of $50,000.00.

## COUNT III
### (Strict Liability)

31. The defendant, Grant Folkert, hereby incorporates by reference the foregoing Paragraphs 1 through 30 of this Complaint as though same were fully set forth herein.

32. Sometime prior to August 12, 2019, the defendant, Frito-Lay, manufactured and packaged the bag of potato chips which are the subject of this action.

33. The bag of potato chips subsequently was sold to Giant Food Stores.

34. At the time of the sale by defendant, Frito-Lay, the bag of potato chips was in a defective condition because it contained a hard, foreign object.

6

35. At the time the bag of potato chips was sold to plaintiff, Grant Folkert, by Giant Food Stores, it was in a defective condition as set forth above.

36. When sold by the defendant, Frito Lay, the bag of potato chips was expected to reach the ultimate consumer without substantial change in the condition in which it was sold, and it did, in fact, reach its ultimate consumer without substantial change.

37. The defendant, Frito-Lay, is strictly liable to the plaintiff, Grant Folkert, under the Restatement of Torts 2d §402(A), for placing the defective bag of potato chips into the stream of commerce, distributing the defective bag of potato chips, and/or selling the defective bag of potato chips.

38. As a direct result of the placement of the defective bag of potato chips into the stream of commerce, the distribution of the defective bag of potato chips and/or the sale of the defective bag of potato chips, by the defendant, Frito-Lay, the plaintiff, Grant Folkert, sustained, *inter alia*, the following injuries:

    (a)    fracture of tooth No. 18 in his mouth;

    (b)    extraction of tooth No. 18 under general anesthesia;

    (c)    surgical implantation of a metal base into the jaw bone for the implantation of an artificial tooth;

    (d)    subsequent dry socket infection at the extraction site of tooth No. 18;

    (e)    pain, suffering, inconvenience and ongoing discomfort;

    (f)    implantation of an artificial tooth upon the metal base in the jaw bone;

    (g)    shock to his nerves and nervous system;

    (h)    need for ongoing dental treatment and care.

39. The plaintiff, Grant Folkert, has suffered and continues to suffer pain as a result of the injuries sustained.

40. The plaintiff, Grant Folkert, has undergone and will continue to undergo medical treatment as a result of the injuries sustained.

41. The plaintiff, Grant Folkert, is entitled to fair compensation for the injuries and damages caused by the actions, and the failure to act, of the defendant, Frito-Lay, Inc.

WHEREFORE, the plaintiff, Grant Folkert, demands judgment against the defendant, Frito-Lay, Inc., in an amount in excess of $50,000.00.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:   /s/ Suzanne Tighe
      SUZANNE TIGHE, Esquire
      JAMES C. HAGGERTY, Esquire
      Attorneys for Plaintiff